WRIGHT & L'ESTRANGE
 William E. Dysart (SBN 042608)
 Alexander T Gruft (SBN 223096)
401 West A Street, Suite 2250
San Diego, California  92101
(619) 231-4844
(619) 231-6710 (fax)
agruft@wllawsd.com

Attorneys for Defendant Brian D. Lesk

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRWIN UNION BANK, F.S.B., a federal savings bank,<br><br>  Plaintiff,<br><br>v.<br><br>M/Y MACHIAVELLI, U.S.C.G. Official No. 1167583, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*; BDL WORLDWIDE, L.L.C., a California limited liability company, *in personam*; DIVERSIFIED HUMAN RESOURCES, INC., an Arizona corporation, *in personam*; BRIAN D. LESK, an individual, *in personam*,<br><br>  Defendants. | CASE NO. 09 CV 1809 LAB (RBB)<br><br>**ANSWER BY DEFENDANT BRIAN D. LESK TO VERIFIED COMPALINT *IN REM* AND *IN PERSONAM* FOR FORECLOSRE OF PREFERRED SHIP'S MORTGAGE AND DEFICIENCY JUDGMENT**<br><br>Complaint Filed:  June 30, 2009<br>Arrest of Vessel:  September 4, 2009<br><br>Courtroom 9 – Second Floor |

  Comes now defendant Brian D. Lesk ("Lesk"), by and through his attorneys, hereby answers the Verified Complaint *In Rem* and *In Personam* For Foreclosure of Preferred Ship's Mortgage and Deficiency Judgment ("Complaint") of Plaintiff First Financial Bank, N.A. ("Plaintiff") as follows:

  1. Lesk admits this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331(1) and the Ship Mortgage Act, 46 U.S.C. §§30101 and 31301-31343 subject to the mandatory arbitration provision in paragraph 6.1 of the Loan Agreement and paragraph 4.2 of

the Continuing Guaranty. Lesk admits this action is a maritime and admiralty claim within the provisions of Rule 9(h) of the Federal Rules of Civil procedure and within the Supplemental Rules for Certain Admiralty and Maritime Claims and of the Court.

2. Lesk is without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

3. Lesk admits that the vessel MACHIAVELLI, Official Number 1167583 is a Sunseeker ("Vessel"), and is within the navigable waters of the United States and within the jurisdiction of the Court. Lesk denies that the Vessel is 82". Lesk admits that the approximate value of the Vessel is more than $2,000,000.00.

4. Admitted.

5. Denied.

6. Lesk admits only that he is an individual residing in the County of Maricopa, State of Arizona, and is the managing member of BDL Worldwide L.L.C. Lesk denies the remaining allegations in the Complaint.

7. Paragraph 7 of the Complaint contains no allegations directed to Lesk, and they are therefore denied. The Promissory Note and Loan Agreement, respectively marked as Exhibits "1" and "2" to the Complaint, speak for themselves.

8. Paragraph 8 of the Complaint contains no allegations directed to Lesk, and they are therefore denied. The Preferred Ship Mortgage, marked as Exhibit "3" to the Complaint, speaks for itself.

9. Paragraph 9 of the Complaint contains no allegations directed to Lesk, and they are therefore denied. The Abstract of Title of the Vessel, marked as Exhibit "4" to the Complaint, speaks for itself.

10. Lesk admits that he executed the Continuing Guaranty as a condition precedent to Plaintiff entering into the Promissory Note and Loan Agreement. All remaining allegations, including the allegation that the Continuing Guaranty was executed and delivered "on or about January 26, 2009," are denied.

11. Paragraph 11 of the Complaint contains no allegations directed to Lesk, and they

are therefore denied.

12.  Paragraph 12 of the Complaint contains only legal conclusions to which no answer is required, and it is therefore denied.

13.  The first sentence of Paragraph 13 of the Complaint contains only legal conclusions to which no answer is required, and it is therefore denied. Lesk is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 13 of the Complaint, and therefore denies the same.

14.  Lesk is without knowledge or information sufficient to admit or deny the allegations of Paragraph 14, and therefore denies the same.

15.  Lesk is without knowledge or information sufficient to admit or deny the allegations of Paragraph 15, and therefore denies the same.

## PRAYER FOR RELIEF

Lesk hereby denies that Plaintiff is entitled to judgment on any allegations or counts asserted in the Complaint, and further denies that Plaintiff is entitled to the relief requested in the Complaint.

Lesk further avers that any allegations not deemed to be specifically addressed in this Answer are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the following affirmative and other defenses to Plaintiff's claims, Lesk does not concede that the assertion of such defenses imposes any burden of proof on Lesk with respect thereto. Lesk has not yet completed his investigation and, to the extent that investigation and/or discovery warrant, reserves the right to supplement, amend or delete any or all of the following affirmative or other defenses prior to any trial of this action.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state causes of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, because Plaintiff failed to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, because Lesk's actions were undertaken in good faith with the absence of malicious intent, and constitute lawful, proper and justified means to accomplish legitimate business objectives.

### FIFTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, because Plaintiff's injuries and damages, if any, were caused by a superseding cause.

### SIXTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, because Plaintiff's damages, if any, were caused, in whole or in part, by Plaintiff's own actions or by parties unrelated to Lesk.

### SEVENTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, because Lesk substantially complied with any and all applicable statutes, regulations and/or laws.

### EIGHTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, by the mandatory arbitration provision in paragraph 6.1 of the Loan Agreement and paragraph 4.2 of the Continuing Guaranty.

### NINTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, because Plaintiff acted with full knowledge and understanding of the relevant facts and circumstances surrounding the transactions and relations at issue in this litigation and assumed the risk due to the acts and omissions of the Plaintiff and of third parties.

### TENTH AFFIRMATIVE DEFENSE

Lesk reserves the right to assert other affirmative defenses when and if it becomes appropriate in this action, and reserves the right to amend this Answer to assert such additional defenses in the future or at trial.

**REQUEST FOR RELIEF**

Lesk prays that this Court enter judgment against Plaintiff as follows:

1. Dismissing Plaintiff's Complaint with prejudice;
2. Declaring that Plaintiff recovers nothing from Lesk;
3. Awarding Lesk his costs and attorneys' fees in this action; and
4. Granting Lesk such other and further relief as this Court deems just and proper.

WRIGHT & L'ESTRANGE
Attorneys for Defendant Brian D. Lesk

Dated: August 27, 2010

_____
/s/ *Alexander T Gruft*
Alexander T Gruft
agruft@wllawsd.com