WRIGHT & L'ESTRANGE
    William E. Dysart (SBN 042608)
    Alexander T Gruft (SBN 223096)
401 West A Street, Suite 2250
San Diego, California 92101
(619) 231-4844
(619) 231-6710 (fax)
agruft@wllawsd.com

Attorneys for Defendant BDL Worldwide L.L.C.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRWIN UNION BANK, F.S.B., a federal savings bank,<br><br>    Plaintiff,<br><br>v.<br><br>M/Y MACHIAVELLI, U.S.C.G. Official No. 1167583, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*; BDL WORLDWIDE, L.L.C., a California limited liability company, *in personam*; DIVERSIFIED HUMAN RESOURCES, INC., an Arizona corporation, *in personam*; BRIAN D. LESK, an individual, *in personam*,<br><br>    Defendants. | CASE NO. 09 CV 1809 LAB (RBB)<br><br>**ANSWER BY DEFENDANT BDL WORLDWIDE L.L.C. TO VERIFIED COMPALINT *IN REM* AND *IN PERSONAM* FOR FORECLOSRE OF PREFERRED SHIP'S MORTGAGE AND DEFICIENCY JUDGMENT**<br><br>Complaint Filed: June 30, 2009<br>Arrest of Vessel: September 4, 2009<br><br>Courtroom 9 – Second Floor |

    Comes now defendant BDL Worldwide L.L.C. ("BDL"), by and through its attorneys, hereby answers the Verified Complaint *In Rem* and *In Personam* For Foreclosure of Preferred Ship's Mortgage and Deficiency Judgment ("Complaint") of Plaintiff First Financial Bank, N.A. ("Plaintiff") as follows:

    1.    BDL admits this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331(1) and the Ship Mortgage Act, 46 U.S.C. §§30101 and 31301-31343 subject to the mandatory arbitration provision in paragraph 6.1 of the Loan Agreement and paragraph 4.2 of

the Continuing Guaranty.  BDL admits this action is a maritime and admiralty claim within the provisions of Rule 9(h) of the Federal Rules of Civil procedure and within the Supplemental Rules for Certain Admiralty and Maritime Claims and of the Court.

2.	BDL is without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

3.	BDL admits that the vessel MACHIAVELLI, Official Number 1167583 is a Sunseeker ("Vessel"), and is within the navigable waters of the United States and within the jurisdiction of the Court.  BDL denies that the Vessel is 82".  BDL admits that the approximate value of the Vessel is more than $2,000,000.00.

4.	Admitted.

5.	Paragraph 5 of the Complaint contains no allegations directed to BDL, and they are therefore denied.

6.	Paragraph 6 of the Complaint contains no allegations directed to BDL, and they are therefore denied.

7.	Paragraph 7 of the Complaint states legal conclusions to which BDL need not respond.  BDL admits that it executed a Promissory Note in the amount of $1,963,000.00 and a Loan Agreement on or about January 26, 2005.  BDL denies all other allegations of this paragraph as they pertain to BDL.  The Promissory Note and Loan Agreement, respectively marked as Exhibits "1" and "2" to the Complaint, speak for themselves.

8.	Paragraph 8 of the Complaint states legal conclusions to which BDL need not respond.  BDL admits that it executed a Preferred Ship Mortgage covering the MACHIAVELLI on or about January 26, 2005.  BDL denies all other allegations of this paragraph as they pertain to BDL.  The Preferred Ship Mortgage, marked as Exhibit "3" to the Complaint, speaks for itself.

9.	Paragraph 9 of the Complaint states legal conclusions to which BDL need not respond.  BDL denies all other allegations of this paragraph as they pertain to BDL.  The Abstract of Title of the Vessel, marked as Exhibit "4" to the Complaint, speaks for itself.

10.	Paragraph 10 of the Complaint contains no allegations directed to BDL, and they

are therefore denied.

11.  Paragraph 11 of the Complaint contains only legal conclusions to which no answer is required, and it is therefore denied.

12.  Paragraph 12 of the Complaint contains no allegations directed to BDL, and they are therefore denied.

13.  The first sentence of Paragraph 13 of the Complaint contains only legal conclusions to which no answer is required, and it is therefore denied. BDL is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 13 of the Complaint, and therefore denies the same.

14.  BDL is without knowledge or information sufficient to admit or deny the allegations of Paragraph 14, and therefore denies the same.

15.  BDL is without knowledge or information sufficient to admit or deny the allegations of Paragraph 15, and therefore denies the same.

## PRAYER FOR RELIEF

BDL hereby denies that Plaintiff is entitled to judgment on any allegations or counts asserted in the Complaint, and further denies that Plaintiff is entitled to the relief requested in the Complaint.

BDL further avers that any allegations not deemed to be specifically addressed in this Answer are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the following affirmative and other defenses to Plaintiff's claims, BDL does not concede that the assertion of such defenses imposes any burden of proof on BDL with respect thereto. BDL has not yet completed its investigation and, to the extent that investigation and/or discovery warrant, reserves the right to supplement, amend or delete any or all of the following affirmative or other defenses prior to any trial of this action.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state causes of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

3

The causes of action alleged in the Complaint are barred, in whole or in part, because Plaintiff failed to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, because BDL's actions were undertaken in good faith with the absence of malicious intent, and constitute lawful, proper and justified means to accomplish legitimate business objectives.

### FIFTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, because Plaintiff's injuries and damages, if any, were caused by a superseding cause.

### SIXTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, because Plaintiff's damages, if any, were caused, in whole or in part, by Plaintiff's own actions or by parties unrelated to BDL.

### SEVENTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, because BDL substantially complied with any and all applicable statutes, regulations and/or laws.

### EIGHTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, by the mandatory arbitration provision in paragraph 6.1 of the Loan Agreement and paragraph 4.2 of the Continuing Guaranty.

### NINTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred, in whole or in part, because Plaintiff acted with full knowledge and understanding of the relevant facts and circumstances surrounding the transactions and relations at issue in this litigation and assumed the risk due to the acts and omissions of the Plaintiff and of third parties.

## TENTH AFFIRMATIVE DEFENSE

BDL reserves the right to assert other affirmative defenses when and if it becomes appropriate in this action, and reserves the right to amend this Answer to assert such additional defenses in the future or at trial.

## REQUEST FOR RELIEF

BDL prays that this Court enter judgment against Plaintiff as follows:

1. Dismissing Plaintiff's Complaint with prejudice;
2. Declaring that Plaintiff recovers nothing from BDL;
3. Awarding BDL its costs and attorneys' fees in this action; and
4. Granting BDL such other and further relief as this Court deems just and proper.

WRIGHT & L'ESTRANGE
Attorneys for Defendant BDL Worldwide L.L.C.

Dated: August 27, 2010

_____
/s/ *Alexander T Gruft*
Alexander T Gruft
agruft@wllawsd.com