Jonathan B. Frutkin (Az #025993)
**THE FRUTKIN LAW FIRM, PLC**
101 North First Avenue, Suite 2410
Phoenix, AZ 85003
jfrutkin@frutkinlaw.com
(602) 606-9300
*Appearing Pro Hac Vice*

Alexander T. Gruft
**WRIGHT & L'ESTRANGE**
401 West A Street, Suite 2250
San Diego, CA 92101
agruft@wllawsd.com
(619) 231-4844
*As Local Counsel Only*

Attorneys for Defendants Brian D. Lesk and Diversified Human Resources, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FDIC, AS RECEIVER FOR IRWIN UNION, BANK, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> M/Y MACHIAVELLI, U.S.C.G. Official No. 1167683, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*; BDL WORLDWIDE, L.L.C., a California limited liability company, *in personam*; DIVERSIFIED HUMAN RESOURCES, INC., an Arizona Corporation, *in personam*, BRIAN D. LESK, an individual, *in personam*. <br><br> Defendants. | Case No.: 09-CV-1809-LAB (POR) <br><br> **AMENDED MEMORADUM IN SUPPORT OF MOTION OF DEFENDANTS BRIAN D. LESK AND DIVERSIFIED HUMAN RESOURCES, INC. TO COMPEL ARBITRATION AND FOR AWARD OF ATTORNEYS FEES AND COSTS** <br><br> HEARING SCHEDULED <br> DATE: JANUARY 23, 2012 <br> TIME: 11:15 am <br><br> Honorable Judge Larry Burns <br> Courtroom 9 (2nd Floor) |

1

# **TABLE OF CONTENTS**

I.   INTRODUCTION……………………………………………………… 4

II.  STATEMENT OF FACTS………………………………………………………. 4

III. CLAIMS COVERED BY AN ARBITRATION CLAUSE MUST BE ARBITRATED UNLESS SUCH CLAUSE IS UNENFORCEABLE OR HAS BEEN WAIVED………………………………………………………… 5

IV.  CONCLUSION………………………………………………….. 8

# TABLE OF AUTHORITIES

## Cases

*AT&T Techs., Inc. v. Communications Workers of Am.*
    475 U.S. 643, 650, 106 S.Ct. 1415 (1986)…………………………… 5

*Britton v. Co-op Banking Group*
    916 F.2d 1405, 1412 (9th Cir. 1990)………………………………….. 6

*Dean Witter Reynolds Inc. v. Byrd*
    470 U.S. 213, 218, 105 S. Ct. 1238 (1985)………………………... 5

*Jones v. Gen. Motors Corp.*
    640 F. Supp. 2d 1124, 1128-29 (D. Ariz. 2009)………………….. 7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
    460 U.S. 1, 24, 103 S. Ct. 927 (1983)……………………………… 5

## INTRODUCTION

The Defendants, through undersigned counsel, hereby requests that consistent with a written agreement between the parties that this matter be arbitrated in Arizona. Now that the *in rem* proceeding against the vessel has been completed (which could only be done with the supervision of this Court), the Defendants now have Counterclaims against the Plaintiff. Resolutions of all the claims between the parties can only be completed consistent with the parties' prior agreement.

## STATEMENT OF FACTS

On January 26, 2005, Defendant, BDL World Wide, LLC ("BDL") entered into a Loan Agreement with Irwin Bank, F.S.B. for the purchase of the yacht known as the "Machiavelli." Contemporaneously with the Loan Agreement, Defendants, Brian Lesk ("Lesk") and Diversified Human Resources, Inc. ("DHR") executed a Continuing Guaranty of BDL's obligations under the Loan Agreement. All parties, in both the Loan Agreement and the Continuing Guaranty, agreed to the following:

> The Parties agree, upon demand by any party, to submit to binding arbitration, <u>all</u> claims, disputes and controversies between them…whether in tort, contract, or otherwise arising out of or relating to in any way to the Loan or Loan Documents described in this Agreement or its or their negotiation, execution, collateralization, administration, repayment, modification, extension, substitution, formation, inducement, enforcement, default or termination.

*Loan Agreement* at § 6.1(a) (emphasis added).

The loan was further secured by a Preferred Ship Mortgage with, *inter alia*, the Machiavelli as collateral.

On August 20, 2009, Irwin Bank (later substituted in by the FDIC) brought suit against, BDL, Lesk and DHR for foreclosure of the Machiavelli and a deficiency judgment for nonpayment. The lawsuit is procedurally is improper. The Agreement requires binding arbitration of any disputes. The FDIC's effort to subvert the clear language of the Agreement - a contract that Irwin Bank provided - is unjust and inapposite to the agreement entered into by the parties. The Court should compel arbitration and stay further action in this Court on the grounds that the Agreement requires arbitration of the claims alleged.

## **CLAIMS COVERED BY AN ARBITRATION CLAUSE MUST BE ARBITRATED UNLESS SUCH CLAUSE IS UNENFORCEABLE OR HAS BEEN WAIVED**

The Supreme Court has emphasized, the Federal Arbitration Act ("FAA") embodies a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927 (1983). "Any doubts concerning the scope of arbitratable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Id. at 24-25. The FAA simply "leaves no place for the exercise of discretion by a … court, but instead mandates that … courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement [applies]." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238 (1985).  As such, an Order to Compel Arbitration should not be denied "unless it may be said with positive assurance that the arbitration clause is *not* susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v.*

*Communications Workers of Am.*, 475 U.S. 643, 650, 106 S.Ct. 1415 (1986). (Emphasis added). Doubts should be resolved in favor of arbitration. *Id.*

Here, the Arbitration Clause contained in the Loan Agreement and Guaranty was intentionally broad in scope so as to cover any disputes between the parties. Therefore, the claims for deficiency judgment based on allegations of nonpayment contained in the Complaint (and the unfiled counterclaims of the Defendants that have been developed as a result of the Plaintiff's complete mismanagement of the sale process) all fall within the ambit of the provision.

Moreover, there is no suggestion that the arbitration clause at issue might be unenforceable. The provision is a standard clause that was routinely used by Irwin Bank in loan transactions and is identical to clauses upheld in other proceedings.

Finally, the arbitration agreement has not been waived. To assert that an arbitration agreement has been waived, the party doing so must overcome a heavy burden in favor of enforcing the provision. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). The FDIC must show, that LESK, BDL and DHR, acted inconsistently with their right to arbitrate and that the FDIC would be unfairly prejudiced as a result of those inconsistent acts. *Id.*

The Loan Agreement drafted by the Plaintiff's predecessor itself is dispositive on this issue:

> The institution and maintenance of an action for judicial relief or pursuit of a provisional or ancillary remedy shall not constitute a waiver of the right of any Party, including the plaintiff, to submit the controversy or claim in arbitration if any other Party contests such action for judicial relief.

*Loan Agreement* at § 6.1(d).

Here, Defendants served written demand on the FDIC on August 15, 2011 to comply with the arbitration clause. Moreover, Defendants have taken no affirmative steps to move this matter forward before the District Court nor have they in any way demonstrated a desire to do so.

The Loan Agreement explicitly permits the FDIC to pursue its sale of the underlying collateral in this Court while still requiring it to submit to arbitration.

> <u>Provisional Remedies.</u>  The arbitration requirement does not limit the right of any Party to: (i) foreclosure against the Yacht; (ii) exercise self-help remedies relating to the Yacht, such as setoff or repossession; or (iii) obtain provisional or ancillary remedies such as replevin, injunctive relief, attachment or the appointment of a receiver, before during or after the pendency of any arbitration proceeding. This exclusion does not constitute a waiver of the right or obligation of any Party to submit any dispute to arbitration . . .

*Loan Agreement* at § 6.1(c).

Despite the passage of time (as a result of the bureaucratic bumbling of the FDIC, not the Defendants), this matter is still at the very preliminary stages of litigation. All that has happened is that the vessel was sold to reduce the obligation pursuant to the note in accordance with the Loan Agreement. No prejudice would result from enforcing the arbitration provision.

"If a district court decides that an arbitration agreement is valid and enforceable, then it should either stay or dismiss the claims subject to arbitration." *Jones v. Gen. Motors Corp.,* 640 F. Supp. 2d 1124, 1128-29 (D. Ariz. 2009). The claims in foregoing matter clearly fall within the arbitration clause. The Court therefore, should enter an order compelling Plaintiff to submit all claims set forth in the Complaint to arbitration.

In addition, the FDIC must pay the attorney fees that it agreed to in the Loan Agreement for forcing the Defendants to bring this Motion at all.

> Any Party who fails or refuses to submit to arbitration following a demand by the other Party shall bear all costs and expenses incurred by any other Party in compelling arbitration of any dispute.

*Loan Agreement* at § 6.1(b).

Despite the fact that the Defendants sent a written demand, the Plaintiff has unreasonably refused arbitration which it required under the Loan Agreement. Therefore, the Plaintiff is also responsible for paying the attorneys fees which have been created as a result of its actions.

## CONCLUSION

In consideration of the foregoing, Defendants respectfully request that the Court compel the parties to submit to arbitration and award the Defendants fees and costs as required by the Loan Agreement between the parties. In addition, it has come to the attention of the Defendants that the U.S. Marshals Service erroneously disbursed funds to the Plaintiff without this Court's authorization. Those funds must be returned pending final resolution by the Arbitrator and with direction of the Court.

RESPECTFULLY submitted this 17th day of November, 2011.

**THE FRUTKIN LAW FIRM, PLC**

 /s/ Jonathan B. Frutkin
Jonathan B. Frutkin (Az #025993)
Attorneys for Defendants

A copy of this filing was delivered via the ECF system and also separately via email on this 17th day of November, 2011 to:

Philip Weiss, Esq.
Brodsky Micklow Bull & Weiss, LLP
2608 Shelter Island Drive, Suite 202
San Diego, California 92106
E-Mail:  shiplaw@earthlink.net
Attorney for Plaintiff

  /s/ Jonathan B.Frutkin
Jonathan B. Frutkin